IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROLAND KING, ET AL., | : | CONSOLIDATED UNDER |
| | : | MDL 875 |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| ALLEN BRADLEY COMPANY, | : | E.D. PA CIVIL ACTION NO. |
| ET AL., | : | 2:13-06106-ER |
| | : | |
| Defendants. | : | |

FILED
MAR -6 2015
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## O R D E R

**AND NOW,** this **4th** day of **March, 2015**, it is hereby **ORDERED** that the Motion for Summary Judgment of Defendant General Electric Company (Doc. No. 127) is **GRANTED in part; DENIED in part.**[1]

---

[1] This case was removed in October of 2013 from the Court of Common Pleas of Philadelphia to the United States District Court for the Eastern District of Pennsylvania as part of MDL-875.

Plaintiffs allege that Roland King ("Plaintiff" or "Mr. King") was exposed to asbestos while, inter alia, serving in the U.S. Navy during the time period of approximately 1965 to 1969 and again in the Navy Reserves from approximately 1972 to 1991. Defendant General Electric Company ("GE" or "General Electric"), manufactured generators and engines used aboard ships. The alleged asbestos exposure pertinent to Defendant occurred while Plaintiff was aboard the following ships:

- USS Saratoga
- USS Wasp

Plaintiffs assert that Mr. King developed lung cancer as a result of his exposure to asbestos used in connection with Defendant's products. He was deposed in 2007 in a separate, non-malignancy action, and again in the present action in September of 2013.

Plaintiffs brought claims against various defendants. Defendant GE has moved for summary judgment, arguing that (1) there is insufficient evidence to establish causation with respect to its product(s), and (2) it is entitled to summary judgment on grounds of the bare metal defense.

Plaintiffs assert that Pennsylvania law applies, while Defendant asserts that maritime law applies.

## II. Legal Standard

### A. Summary Judgment Standard

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248 (1986)). A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

In undertaking this analysis, the court views the facts in the light most favorable to the non-moving party. "After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." Pignataro v. Port Auth. of N.Y. & N.J., 593 F.3d 265, 268 (3d Cir. 2010) (citing Reliance Ins. Co. v. Moessner, 121 F.3d 895, 900 (3d Cir. 1997)). While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, meeting this obligation shifts the burden to the non-moving party who must "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250.

### B. The Applicable Law

Plaintiffs assert that Pennsylvania law applies, while Defendant asserts that maritime law applies. Whether maritime law is applicable is a threshold dispute that is a question of federal law, see U.S. Const. Art. III, § 2; 28 U.S.C. § 1333(1), and is therefore governed by the law of the circuit in which this

2

MDL court sits. See Various Plaintiffs v. Various Defendants ("Oil Field Cases"), 673 F. Supp. 2d 358, 362 (E.D. Pa. 2009)(Robreno, J.). This court has previously set forth guidance on this issue. See Conner v. Alfa Laval, Inc., 799 F. Supp. 2d 455 (E.D. Pa. 2011)(Robreno, J.).

In order for maritime law to apply, a plaintiff's exposure underlying a products liability claim must meet both a locality test and a connection test. Id. at 463-66 (discussing Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co., 513 U.S. 527, 534 (1995)). The locality test requires that the tort occur on navigable waters or, for injuries suffered on land, that the injury be caused by a vessel on navigable waters. Id. In assessing whether work was on "navigable waters" (i.e., was sea-based) it is important to note that work performed aboard a ship that is docked at the shipyard is sea-based work, performed on navigable waters. See Sisson v. Ruby, 497 U.S. 358 (1990). This Court has previously clarified that this includes work aboard a ship that is in "dry dock." See Deuber v. Asbestos Corp. Ltd., No. 10-78931, 2011 WL 6415339, at *1 n.1 (E.D. Pa. Dec. 2, 2011)(Robreno, J.)(applying maritime law to ship in "dry dock" for overhaul). By contrast, work performed in other areas of the shipyard or on a dock, (such as work performed at a machine shop in the shipyard, for example, as was the case with the Willis plaintiff discussed in Conner) is land-based work. The connection test requires that the incident could have "'a potentially disruptive impact on maritime commerce,'" and that "'the general character' of the 'activity giving rise to the incident' shows a 'substantial relationship to traditional maritime activity.'" Grubart, 513 U.S. at 534 (citing Sisson, 497 U.S. at 364, 365, and n.2).

### Locality Test

If a service member in the Navy performed some work at shipyards (on land) or docks (on land) as opposed to onboard a ship on navigable waters (which includes a ship docked at the shipyard, and includes those in "dry dock"), "the locality test is satisfied as long as some portion of the asbestos exposure occurred on a vessel on navigable waters." Conner, 799 F. Supp. 2d at 466; Deuber, 2011 WL 6415339, at *1 n.1. If, however, the worker never sustained asbestos exposure onboard a vessel on navigable waters, then the locality test is not met and state law applies.

3

### Connection Test

When a worker whose claims meet the locality test was primarily sea-based during the asbestos exposure, those claims will almost always meet the connection test necessary for the application of maritime law. Conner, 799 F. Supp. 2d at 467-69 (citing Grubart, 513 U.S. at 534). This is particularly true in cases in which the exposure has arisen as a result of work aboard Navy vessels, either by Navy personnel or shipyard workers. See id. But if the worker's exposure was primarily land-based, then, even if the claims could meet the locality test, they do not meet the connection test and state law (rather than maritime law) applies. Id.

The alleged exposures pertinent to Defendant occurred aboard a ship. Therefore, these exposures were during sea-based work. See Conner, 799 F. Supp. 2d 455; Deuber, 2011 WL 6415339, at *1 n.1. Accordingly, maritime law is applicable to Plaintiffs' claims against Defendant. See id. at 462-63.

C.  Bare Metal Defense Under Maritime Law

This Court has held that the so-called "bare metal defense" is recognized by maritime law, such that a manufacturer has no liability for harms caused by - and no duty to warn about hazards associated with - a product it did not manufacture or distribute. Conner v. Alfa Laval, Inc., 842 F. Supp. 2d 791, 801 (E.D. Pa. 2012)(Robreno, J.).

D.  Product Identification/Causation Under Maritime Law

In order to establish causation for an asbestos claim under maritime law, a plaintiff must show, for each defendant, that "(1) he was exposed to the defendant's product, and (2) the product was a substantial factor in causing the injury he suffered." Lindstrom v. A-C Prod. Liab. Trust, 424 F.3d 488, 492 (6th Cir. 2005); citing Stark v. Armstrong World Indus., Inc., 21 F. App'x 371, 375 (6th Cir. 2001). This Court has also noted that, in light of its holding in Conner, 842 F. Supp. 2d 791, there is also a requirement (implicit in the test set forth in Lindstrom and Stark) that a plaintiff show that (3) the defendant manufactured or distributed the asbestos-containing product to which exposure is alleged. Abbay v. Armstrong Int'l., Inc., No. 10-83248, 2012 WL 975837, at *1 n.1 (E.D. Pa. Feb. 29, 2012)(Robreno, J.).

4

Substantial factor causation is determined with respect to each defendant separately. Stark, 21 F. App'x. at 375. In establishing causation, a plaintiff may rely upon direct evidence (such as testimony of the plaintiff or decedent who experienced the exposure, co-worker testimony, or eye-witness testimony) or circumstantial evidence that will support an inference that there was exposure to the defendant's product for some length of time. Id. at 376 (quoting Harbour v. Armstrong World Indus., Inc., No. 90-1414, 1991 WL 65201, at *4 (6th Cir. April 25, 1991)).

A mere "minimal exposure" to a defendant's product is insufficient to establish causation. Lindstrom, 424 F.3d at 492. "Likewise, a mere showing that defendant's product was present somewhere at plaintiff's place of work is insufficient." Id. Rather, the plaintiff must show "'a high enough level of exposure that an inference that the asbestos was a substantial factor in the injury is more than conjectural.'" Id. (quoting Harbour, 1991 WL 65201, at *4). The exposure must have been "actual" or "real", but the question of "substantiality" is one of degree normally best left to the fact-finder. Redland Soccer Club, Inc. v. Dep't of Army of U.S., 55 F.3d 827, 851 (3d Cir. 1995). "Total failure to show that the defect caused or contributed to the accident will foreclose as a matter of law a finding of strict products liability." Stark, 21 F. App'x at 376 (citing Matthews v. Hyster Co., Inc., 854 F.2d 1166, 1168 (9th Cir. 1988)(citing Restatement (Second) of Torts, § 402A (1965))).

### III. Defendant General Electric's Motion for Summary Judgment

#### A. Defendant's Arguments

Product Identification / Causation

Defendant contends that Plaintiffs' evidence is insufficient to establish that any product for which it is responsible caused the illness at issue.

Bare Metal Defense

Defendant argues that it has no duty to warn about and cannot be liable for injury arising from any product or component part that it did not manufacture or supply.

5

### B. Plaintiffs' Arguments

Product Identification / Causation / Bare Metal Defense

Plaintiffs contend that they have identified sufficient product identification/causation evidence to survive summary judgment. In support of this assertion, Plaintiffs cite to the following evidence, which they represent is as follows:

- Deposition of Plaintiff
  Plaintiff testified that he was exposed to asbestos dust from insulation used in connection with GE products (specifically, generators and engines) on the USS Saratoga and the USS Wasp. He testified that, aboard ship, he was exposed to respirable asbestos dust by work that disturbed this external insulation – and that this work was performed and/or supervised by employees of GE.

  (Pl. Exs. B to D, Doc. Nos. 147 and 147-1.)

- Various Documents
  Plaintiff points to various documents and testimony to establish that GE required and/or recommended (and therefore knew) that asbestos-containing parts such as insulation would be used with its products.

  (Pl. Exs. E to F, Doc. Nos. 147-1 to 147-2)

- Expert Affidavit of Arthur Faherty
  Plaintiffs point to the affidavit of expert Arthur Faherty, who provides testimony that (1) "Generally, if a company supplied asbestos with its equipment, some of that asbestos was always present unless the record shows that the asbestos installed by the defendant was entirely, removed," and (2) "There is no evidence that asbestos was entirely removed or remediated by the defendant manufacturers, suppliers, or repairers."

  (Pl. Ex. A, Doc. No. 147 at ¶¶ 52-53)

6

Plaintiffs contend that Defendant is liable not only for the asbestos products themselves, but for the negligence of Defendant's employees, who Plaintiffs contend performed and supervised work leading to some of Mr. King's asbestos exposure, without warning Mr. King of the hazards associated therewith.

### C. Analysis

Plaintiffs allege that Mr. King was exposed to asbestos from external insulation used in connection with Defendant's products (specifically, generators and engines). Plaintiffs assert two different theories of liability: product liability and common law negligence (as pertains to the conduct of Defendant's employees in allegedly failing to warn while performing and supervising work that disturbed asbestos and exposed Plaintiff thereto). The Court considers the evidence pertaining to each alleged theory of liability separately:

(i) Product Liability Claims

There is evidence that Mr. King did in fact experience asbestos exposure from insulation used in connection with GE generators and engines. There is evidence that Defendant "required" or "recommended" use of asbestos insulation with its products. Importantly, however, there is no evidence that any of this asbestos insulation was manufactured or supplied by Defendant (as opposed to being insulation manufactured and supplied by an entity other than Defendant). As such, no reasonable jury could conclude from the evidence that Mr. King was exposed to asbestos from a product manufactured or supplied by Defendant GE such that it was a substantial factor in the development of his illness, because any such finding would be based on conjecture. See Lindstrom, 424 F.3d at 492. Accordingly, summary judgment in favor of Defendant is warranted with respect to product liability claims arising from this alleged source of exposure. Anderson, 477 U.S. at 248-50.

(ii) Common Law Negligence Claims

There is evidence that Defendant's employees performed and supervised work removing and disturbing asbestos-containing insulation in Mr. King's presence. There is evidence that this work created respirable dust that Mr. King inhaled. There is evidence that Defendant's employees did not warn Mr. King about the hazards of this asbestos dust. As a matter of law, Defendant owed Plaintiff a duty of reasonable care under the circumstances.

**AND IT IS SO ORDERED.**

_____
EDUARDO C. ROBRENO, J.

---

See Norfolk Shipbuilding & Drydock Corp. v. Garris, 532 U.S. 811, 813-15, 121 S. Ct. 1927, 1929-31, 150 L. Ed. 2d 34 (2001); East River S.S. Corp. v. Transamerica Delaval, Inc., 476 U.S. 858, 866, 106 S. Ct. 2295, 2299, 90 L. Ed. 2d 865 (1986) (citing Kermarec v. Compagnie Generale Transatlantique, 358 U.S. 625, 632, 79 S. Ct. 406, 410, 3 L. Ed. 2d 550 (1959)); Hess v. U.S., 361 U.S. 314, 323, 80 S. Ct. 341, 348, 4 L. Ed. 2d 305 (1960)(citing Kermarec). In essence, Plaintiffs assert that, by failing to warn Mr. King about the hazards to which its employees were exposing him in connection with the asbestos work they performed and supervised, Defendant failed to take reasonable care to protect Mr. King. A reasonable jury could conclude from the evidence that the conduct of Defendant's employees (exposing Mr. King to asbestos without warning him of the hazards) was a substantial factor in the development of his illness. See Lindstrom, 424 F.3d at 492. Accordingly, summary judgment in favor of Defendant is not warranted with respect to negligence claims arising from this alleged source of exposure. Anderson, 477 U.S. at 248-50.

### D.  Conclusion

Summary judgment in favor of Defendant is granted with respect to all of Plaintiffs' product liability claims against it because Plaintiffs have failed to identify sufficient evidence of product identification/causation to support these claims.

Summary judgment in favor of Defendant is denied with respect to Plaintiffs' common law negligence claims against it because Plaintiffs have identified sufficient evidence to support a finding of causation with respect to the conduct of Defendant's employees.