IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROLAND KING and HELEN KING, h/w,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**GENERAL ELECTRIC COMPANY**, *et al.*,<br><br>**Defendants.** | **CIVIL ACTION**<br><br>**NO. 13-CV-06106-ER**<br><br>**MDL 875**<br>**ASBESTOS CASE** |

## ORDER

**AND NOW**, this \_\_\_\_ day of _____, **2015**, upon consideration of Defendant General Electric Company's Motion for Partial Reconsideration of the Order (ECF Doc. 176) entered on March 9, 2015 denying in part General Electric's motion for summary judgment ("Reconsideration Motion"), and the responses thereto, it is hereby ORDERED that General Electric's Reconsideration Motion is **GRANTED**.

It is further ORDERED that summary judgment is entered in favor of General Electric Company as to all claims, including all cross claims, asserted against General Electric Company in this case, and all claims, including all cross claims, against General Electric Company in this case are **DISMISSED** with **PREJUDICE**.

BY THE COURT:

_____
Presiding Judge Eduardo C. Robreno

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROLAND KING and HELEN KING, h/w,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**GENERAL ELECTRIC COMPANY,** *et al.*,<br><br>**Defendants.** | CIVIL ACTION<br><br>NO. 13-CV-06106-ER<br><br>MDL 875<br>ASBESTOS CASE |

**DEFENDANT GENERAL ELECTRIC COMPANY'S
MOTION FOR PARTIAL RECONSIDERATION OF THE
ORDER (ECF DOC. 176) ENTERED ON MARCH 9, 2015**

Defendant General Electric Company moves, under Local Rule 7.1(g), for partial reconsideration of the Order (ECF Doc. 176) entered on March 9, 2015 denying in part General Electric's motion for summary judgment (ECF Doc. 127) for the reasons set forth in the accompanying memorandum of law.

Respectfully submitted,

**McSHEA LAW FIRM, P.C.**

 /s/ John P. McShea
John P. McShea
Clarissa Greenman Raspanti
Pa. Identification Nos. 34562 & 54226
Centre Square, West Tower
1500 Market Street, Suite 4000
Philadelphia, PA 19102-2100
Tel. (215) 599-0800
Fax (215) 599-0888
jmcshea@mcshealawfirm.com

Attorneys for Defendant
General Electric Company

Dated: March 23, 2015

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROLAND KING and HELEN KING, h/w,<br><br>          Plaintiffs,<br><br>v.<br><br>GENERAL ELECTRIC COMPANY, *et al*.,<br><br>          Defendants. | CIVIL ACTION<br><br>NO. 13-CV-06106-ER<br><br>MDL 875<br>ASBESTOS CASE |

**DEFENDANT GENERAL ELECTRIC COMPANY'S BRIEF IN
SUPPORT OF ITS MOTION FOR PARTIAL RECONSIDERATION
OF THE ORDER (ECF DOC. 176) ENTERED ON MARCH 9, 2015**

**I.    INTRODUCTION**

Defendant General Electric Company ("General Electric") moves for partial reconsideration of the Order (ECF Doc. 176) entered on March 9, 2015 denying in part its motion for summary judgment (ECF Doc. 127) in this asbestos personal injury action brought by plaintiffs Roland King and his wife Helen King ("Plaintiffs"). The Court granted General Electric's motion for summary judgment as to Plaintiffs' product liability claims after determining that there is no evidence that Mr. King was exposed to asbestos from a product manufactured or supplied by General Electric (ECF Doc. 176 at 7). But the Court denied General Electric's motion as to Plaintiffs' common law negligence claims, finding that General Electric employees performed and supervised work removing and disturbing asbestos-containing insulation in Mr. King's presence without warning Mr. King about the hazards of this asbestos dust (*id.* at 7-8). However, in reaching its decision denying on the negligence claims, the Court credited plaintiff's testimony that the insulation contained asbestos even though there is no evidence to support this conclusion,

apparently ignoring General Electric's evidentiary arguments that Mr. King lacked the requisite personal knowledge to support his testimony or qualifications to offer opinion testimony.

Simply put, there is no competent or admissible evidence in the record that the insulation the purported General Electric employees allegedly removed and disturbed when they allegedly performed and supervised work in Mr. King's presence ("the turbine insulation at issue") contained asbestos. Mr. King, the sole product identification witness in this case, lacked the required personal knowledge of the content of the turbine insulation at issue. Rather, as General Electric argued, Mr. King just speculated that the turbine insulation at issue, which he referred to sometimes as "lagging," contained asbestos based *solely* on his belief that the lagging material looked to be the same material as the covering on pipes. And as to the content of the pipe covering material, he merely testified that material displayed undefined "stenciling" that suggested to him—with no explanation why—that the pipe covering material contained asbestos.

Federal Rule of Civil Procedure 56 requires that plaintiff base his opposition to a summary judgment motion on admissible evidence. Mr. King's "evidence" that material handled by General Electric employees contained asbestos is based solely on a suggestion by his counsel that the material "looked like" pipe covering that he also assumed contained asbestos based on nondescript stenciling. The Federal Rules of Evidence require that a witness have "personal knowledge of the matter" to which he testifies. Fed. R. Civ. P. 602. Additionally, under Federal Rule of Evidence 701, Mr. King, a lay witness, lacks a proper basis to opine that the material he claimed the

General Electric employees handled in his presence contained asbestos. In its Order denying General Electric's motion, the Court did not address General Electric's arguments concerning the evidentiary shortcomings of Plaintiffs' negligence claim. And it apparently credited the pure supposition of Mr. King in adopting his counsel's improper suggestion that the material contained asbestos. Accordingly, reconsideration of the Court's Order is warranted to correct a clear error of law or to prevent a manifest injustice to General Electric.

## II.    BACKGROUND

### A.    Relevant Procedural History

The parties filed the following documents under the Court's March 26, 2014 Amended Scheduling Order (ECF Doc. 69). General Electric filed its motion for summary judgment on November 3, 2014 (ECF Doc. 127). A copy of General Electric's Motion is attached as **Exhibit A**. Plaintiffs filed their Response to General Electric's Motion entitled "Response to Motion for Summary Judgment of General Electric and Suggestion of Need to Remand" on December 3, 2014 (ECF Doc. 147). A copy of Plaintiffs' Response is attached as **Exhibit B**. General Electric filed its Reply Memorandum of Law in Support of its Motion for Summary Judgment on December 17, 2014 (ECF Doc. 158). A copy of General Electric's Reply is attached as **Exhibit C**.

By Order entered on the docket on March 9, 2015, the Court granted in part and denied in part General Electric's Motion for Summary Judgment (ECF 176). A copy of the Court's Order is attached as **Exhibit D**. An excerpt of the docket report for this case indicating the March 9, 2015 entry of the Order is attached as **Exhibit E**.

B.     Relevant Facts

The background facts of this case are set forth in General Electric's Motion for Summary Judgment and Reply and are incorporated by reference herein.  *See* Exs. A and C.

Mr. King's work history at issue is January 1, 1965 through January 1, 1969 when he served aboard the U.S. Navy ships, the *USS Saratoga* and the *USS Wasp*.  *See* Exhibit A to General Electric's Mot. for Sum. Judg. (Ex. A hereto), Compl. at ¶ 6 (Mr. King's work history) and ¶ 7 (alleged asbestos exposure).

 For both of those ships Mr. King testified: (1) they were built before he was first on them; (2) he did not know their maintenance, overhaul, or repair history; (3) he did not know which parts on the ships were original parts or replacement parts; and (4) he did not know whether any replacement parts came from the original part manufacturer or some other manufacturer.  *See* Exhibit B to General Electric's Mot. for Sum. Judg. (Ex. A hereto), Mr. King's 9/25/13 Dep. Tr. at 248:16-249:16.  He had no role in dealing with manufacturers or suppliers outside of the Navy and he never ordered anything from General Electric.  *Id.* at 254:6-14.

Turbines were the only General Electric equipment on the *USS Saratoga* that Mr. King remembered.  *Id.* at 254:19-255:4; *see also id*. at 217:15-18.  And the only potential source of asbestos exposure that he may have had with respect to those turbines was to their external insulation, which he called lagging, during the one or two times that he left his regular boiler technician post and stood watch in the engine room. *Id.* at 255:5-9 and 260:21-263:1.

As to his service on the *USS Wasp*, he testified that his only potential exposure to asbestos in connection with metal turbines on that ship was to external insulation

4

during his work as a machinist mate. *Id.* at 286:3-288:11. However, he did not know the supplier or manufacturer of the external insulation on those turbines or whether that insulation had been replaced before his service onboard the ship. *Id.* at 288:12-289:1. Other than this outside lagging, there was nothing on the turbines on the *USS Wasp* that he believed was a source of his asbestos exposure. *Id.* at 289:6-11. Moreover, of the four turbines present on the *USS Wasp*, he testified that he only saw one turbine repair job during his entire tenure on that ship *Id.* at 290:4-23.

Mr. King also testified that he did not know what company manufactured the external insulation on any of the equipment present on the *USS Saratoga* and the *USS Wasp*. *Id.* at 278:19-279:9 and 279:22-280:21.

Mr. King speculated that the lagging contained asbestos based on "stenciling" on the pipe covering material, but he never explained what the stenciling said. Then, when prompted by his counsel, he opined that the lagging material "looked the same" as the material covering pipes on the ships:

> Q. All right. Now, with respect to the lagging, I know you've talked about the pack -- the packing a little bit. But you've talked about covering on pipes, on pumps, ***on turbines***. How did you know that material was asbestos? What told you that?
>
> MR. KATTNER: Objection; foundation.
>
> THE WITNESS: The stencils on the pipe.
>
> BY MR. PRESENT:
> Q. Okay. And did the material that was covering either turbines or pumps look the same as the material on -- on the pipes that you're talking about?
>
> A. Yes.

*See* Excerpt of Mr. King's 9/26/13 Dep. Tr. at 45:17-46:8 attached as part of Exhibit D to Plaintiffs' Response to General Electric's Mot. for Sum. Judg. (Ex. B hereto),

5

(emphasis added); *see also* Excerpt of Mr. King's 11/20/07 Dep. Tr. at 221:2-22 (Mr. King previously testified in 2007 that he thought the lagging present on the *USS Saratoga* contained asbestos because it kept the "heat within the engine"—this is the only reason he believed the lagging contained asbestos; he did not see any writing on the lagging and never saw the boxes the lagging came in; and he did not know who supplied the lagging), attached as part of Exhibit B to Plaintiffs' Response to CBS' Mot. for Sum. Judg. (ECF Doc. 151-1 at pg. 23), attached hereto as **Exhibit F**. There is no other evidence in the record relating to the insulation Mr. King claims that General Electric personnel handled in his presence.

### III. ARGUMENT

#### A. Standard of Review

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Co. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986). Reconsideration is appropriate if the party seeking reconsideration establishes: "(1) the existence of newly available evidence; (2) an intervening change in the controlling law; or (3) a need to correct a clear error of law or prevent manifest injustice." *Ehrheart v. Lifetime Brands, Inc.*, 498 F. Supp. 2d 753, 756 (E.D. Pa. 2007) (citing *Public Interest Research Group of NJ v. Magnesium Elektron*, 123 F.3d 111, 116-17 (3d Cir. 1997)); *see also* Local Rule 7.1(g).

### B. Mr. King Is Barred From Testifying About Matters Upon Which He Has No Personal Knowledge, Including the Composition of the Turbine Insulation Material at Issue.

The Federal Rules of Evidence require that a witness must be barred from testifying where he has no personal knowledge about the matter. *See* Fed. R. Evid. 602 (Need for Personal Knowledge) ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."); *U.S. Secs. and Exch. Comm'n v. Infinity Group Co.*, 212 F.3d 180, 198 (3d Cir. 2000) (same), *cert. denied sub nom.*, *Springer v. U.S. Secs. and Exch. Comm'n.*, 532 U.S. 905 (2001).

Here, Plaintiffs' entire basis for stating the turbine insulation at issue contained asbestos is premised on unreliable assumptions or impermissible subjective conclusions or interpretations of Mr. King. *See* Relevant Facts Section B, *supra*; *see also* Ex. C, General Electric's Reply at 4-5 (raising the lack of personal knowledge issue). As such, Mr. King has no personal knowledge of the composition of the external insulation he links to purported General Electric employees.

### C. A Lay Witness Mr. King is Precluded From Offering Opinion Testimony About the Asbestos Content of Insulation.

Federal Rule of Evidence 701 governs the admissibility of opinion testimony by lay witnesses and provides:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

7

Rule 701 codifies the requirement that a party not be allowed to sidestep the requirements of Federal Rule of Evidence 702 to get specialized knowledge into court without the reliability requirements and disclosure requirements of the Federal Rules of Evidence and the Federal Rules of Civil Procedure. *See* FED. R. EVID. 701 Advisory Committee Notes to the 2000 Amendment (citing *Asplundh Mfg. Div. v. Benton Harbor Eng'g*, 57 F.3d 1190 (3d Cir. 1995)); *see also* Rule 702 which provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Where the witness will be testifying on technical matters, as Mr. King will be testifying in this case, courts are required to rigorously enforce the provisions of Rule 701, and ensure that the proferred testimony is rationally based on the perception of the witness and grounded the experience or knowledge of the witness and not upon assumptions, subjective conclusions or interpretations. *See Asplundh*, 57 F.3d at 1202; *accord Donlin v. Philips Lighting N. Am. Corp.*, 581 F.3d 73, 80-83 (3d Cir. 2009) (trial court erred in failing to exclude witness' testimony that "went beyond those easily verifiable facts within her personal knowledge and instead required forward-looking speculation for which she lacked the necessary training"). This is because there must be a sufficient foundation for the proferred lay opinion testimony. *See* FED. R. EVID. Advisory Committee Notes to the 2000 Amendment (citing *Lightening Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1175 (3d Cir. 1993) (interpreting Rule 701 to allow lay opinion testimony only is a sufficient foundation for the testimony can be laid); *accord*

*Weston and Co., Inc. v. Bala Golf Club*, No. 06-cv-4900, 2007 WL 4080889, at *8 (E.D. Pa. Nov. 15, 2007) (Robreno, J.) ("Even if lay opinion testimony were accepted to determine useful life, there is insufficient credible testimony upon which to base the determination."), *aff'd in part and denied in part on other grounds*, 391 F. App'x 152, 157 (3d Cir. 2010).

Moreover, lay opinion testimony must be "rationally based on the perception of the witness. . . [and] not based on scientific, technical or other specialized knowledge." *Id.*, 2007 WL 4080889, at *4 (striking witness' testimony as to "useful life" of various items for purposes of interpreting a lease as it was neither an admissible lay opinion under Rule 701 nor the opinion of a qualified expert under Rule 702).

Whether the turbine insulation aboard the ships at issue contained asbestos cannot be "rationally based on the perception" of Mr. King for several reasons. First, the record does not disclose that he has any knowledge concerning the actual composition of the turbine insulation at issue. Second, he did not testify that he saw any markings on the turbine insulation at issue that it contained asbestos—he saw "stenciling," but he never identified what it said. Third, there is no evidence in the record that Mr. King took part in the purchasing of this insulation. Finally, there is no evidence in the record that the insulation has been analyzed for a determination of its composition.[1] An analysis that requires scientific, technical, or specialized knowledge of fiber composition falls within the scope of Rule 702. Mr. King is not a geologist, chemist, or person with any scientific, technical, or even any specialized knowledge, in

---

[1] *See* Exhibit B to General Electric's Mot. for Sum. Judg. (Ex. A hereto), Mr. King's 9/25/13 Dep. Tr. at 248:16-249:16 and 254:6-14.

9

areas of fiber-composition analysis.[2]  *See* Ex. C, General Electric's Reply at 5 (raising the Rule 701 issue).

Accordingly, Rule 701 prevents Mr. King from providing a lay opinion as to whether the alleged asbestos-containing turbine insulation at issue (which did ***not*** contain any markings indicating it contained asbestos) actually contained asbestos.

> **D.    Reconsideration of the Court's Order on the Negligence Claim is Warranted Because the Court Did Not Address the Evidentiary Issues Concerning Lack of Personal Knowledge By Mr. King of the Asbestos Content of the Insulation at Issue or the Improper Lay Opinion Testimony of Mr. King.**

The Court's Order on Plaintiffs' negligence claim against General Electric provides in pertinent part:

> There is evidence that Defendant's employees performed and supervised work removing and disturbing ***asbestos-containing insulation*** in Mr. King's presence.  There is evidence that this work created respirable dust that Mr. King inhaled.  There is evidence that Defendant's employees did not warn Mr. King about the hazards of this ***asbestos dust***.  As a matter of law, Defendant owed Plaintiff a duty of reasonable care under the circumstances.

*See* Ex. D, Order (ECF Doc. 176) at 7 (emphasis added).

However, the Court's Order did not address the evidentiary issues raised by General Electric, namely that Plaintiffs' entire basis for stating the turbine insulation at issue contained asbestos is premised on an unreliable speculation or impermissible

---

[2]    Even if Mr. King does possess the requisite scientific, technical or specialized knowledge required to testify as to fiber-composition of the turbine insulation at issue insulation, which he clearly does not), he would have to be proferred as expert witnesses under Rule 702 and the accompanying rules of civil procedure.  Because Plaintiffs have not proferred Mr. King as an expert in the area of fiber-composition analysis, and did not serve General Electric with an expert report on this subject as required by Federal Rule of Civil Procedure 26(a)(2)(B), they would be  precluded from submitting such expert testimony at this late stage of the litigation in any event .  *See generally Proveris Scientific Corp. v. Innovasystems, Inc.*, 536 F.3d 1256, 1268 (Fed. Cir. 2008) (witness testimony was properly excluded by trial judge because witness did not submit a written expert report in compliance with Rule 26(a)(2)(B)).

subjective conclusion of Mr. King in violation of Rule 602 and impermissible lay opinion testimony of Mr. King in violation of Rule 701. Hence, there is no admissible evidence in the record that the turbine insulation that Mr. King links with the purported General Electric employees contained asbestos. Reconsideration of the Court's Order is, therefore, warranted to correct a clear error of law or to prevent a manifest injustice to General Electric.

## V.     CONCLUSION

In sum, there is no competent or admissible evidence in the record that the turbine insulation material the purported General Electric employees allegedly removed and disturbed when they allegedly performed and supervised work in Mr. King's presence contained asbestos. Mr. King has no personal knowledge of the composition of the insulation he links to General Electric employees and, as a lay witness, he lacks a proper basis to opine that the material contained asbestos. He just speculated that the insulation material contained asbestos, in part based on prompting by his counsel. The Court, however, did not address General Electric's arguments concerning the evidentiary shortcomings of Plaintiffs' negligence claim, apparently crediting the pure supposition of Mr. King in adopting his counsel's improper suggestion that the material contained asbestos. Accordingly, reconsideration of the Court's Order is warranted to correct a clear error of law or to prevent a manifest injustice to General Electric and

summary judgment should be granted in favor of General Electric and against the Plaintiffs and all other parties in this case.

        Respectfully submitted,

        **McSHEA LAW FIRM, P.C.**

        /s/ John P. McShea
        John P. McShea
        Clarissa Greenman Raspanti
        Pa. Identification Nos. 34562 & 54226
        Centre Square, West Tower
        1500 Market Street, Suite 4000
        Philadelphia, PA 19102-2100
        Tel. (215) 599-0800
        Fax (215) 599-0888
        jmcshea@mcshealawfirm.com

        Attorneys for Defendant
Dated: March 23, 2015        General Electric Company

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 23rd day of March, 2015, I electronically filed the foregoing Defendant General Electric Company's Motion for Partial Reconsideration of the Order (ECF Doc. 176) entered on March 9, 2015 and accompanying Memorandum of Law with the Clerk of Court using the *CM/ECF* system, which will automatically send email notification of such filing to all counsel of record.


    /s/  John P. McShea
John P. McShea