PAUL, REICH & MYERS, P.C.
By:    Robert E. Paul, Esquire
Identification No. 21252
1608 Walnut Street, Suite 500        Attorney for Plaintiff
Philadelphia, PA 19103
(215) 735-9200

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
CIVIL SECTION:   TRIAL DIVISION

| ROLAND KING and HELEN KING, h/w | :CIVIL ACTION |
|---|---|
| vs. | :NO. 13-CV-6106 |
| ALLEN-BRADLEY COMPANY | :ASBESTOS CASE |

### ANSWER TO MOTION FOR PARTIAL RECONSIDERATION OF GE

The Court was correct the first time in denying the motion. Asking for the same relief based on the same evidence twice because GE wants to be dismissed is not enough of a reason in light of the Court's views on reconsideration.

PAUL, REICH & MYERS, P.C.

BY: _____
       ROBERT E. PAUL

PAUL, REICH & MYERS, P.C.
By: Robert E. Paul, Esquire
Identification No. 21252
1608 Walnut Street, Suite 500
Philadelphia, PA 19103
(215) 735-9200

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
CIVIL SECTION: TRIAL DIVISION

| ROLAND KING and HELEN KING, h/w | :CIVIL ACTION |
|---|---|
| vs. | :NO. 13-CV-6106 |
| ALLEN-BRADLEY COMPANY | :ASBESTOS CASE |

### MEMORANDUM OF LAW

Defendant seeks summary judgment on the same evidence on which it pressed its initial summary judgment motion and proffers nothing it did not argue before. The Court has strictly enforced as recently as February 3rd in *McAfee* 13-6856 the rule that to seek reconsideration movant must meet a heavy burden. Movant must establish 1) intervening change in the controlling law 2) availability of new evidence not available when the Court issued its previous decision or 3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 175 F.3d 669, 667 (3rd. Cir. 1999). GE meets none of these criteria. Motions for reconsideration should be granted sparingly. *Cont'l Cas. Co. v. Diversified Indust.*, 884 F. Supp. 937, 943 (ED PA 1995).

Here GE proffers the same arguments it raised earlier. This is that it claims that King is

not competent to know asbestos when he sees it. Whether or not that is correct the argument ignores key pieces of evidence on which the Court relied in denying GE's motion the first time. The first is that GE required asbestos on all its turbines. The second is that plaintiff's expert averred that some of the original asbestos remained on the turbine. The second is that plaintiff's expert averred that some of the original asbestos remained on the turbine. Thus, whether or not King is able to know asbestos when he sees it is not the issue. The issue is that GE conceded that all its turbines were designed to contain asbestos and a ship expert is prepared to testify that some of the original remained. It is reasonable that since GE required asbestos on its turbine that repair of the asbestos would expose someone to dust. Thus, when GE's employees supervised repair of the turbine and its asbestos there was admissible evidence that King was exposed to asbestos.

The motion should be denied.

PAUL, REICH & MYERS, P.C.

BY: /s/ Robert E. Paul
ROBERT E. PAUL

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
CIVIL SECTION: TRIAL DIVISION

| ROLAND KING and HELEN KING, h/w | :CIVIL ACTION |
|---|---|
| vs. | :NO. 13-CV-6106 |
| ALLEN-BRADLEY COMPANY | :ASBESTOS CASE |

**ORDER**

**AND NOW**, to wit, this \_\_\_\_ day of _____, 2015, the motion to reconsider of **General Electric** is **Denied**.

BY THE COURT:

_____ J.

## CERTIFICATE OF SERVICE

I, Robert E. Paul, Esquire, hereby certify that a copy of the within Answer to Motion for Partial Reconsideration of GE, was filed with the clerk of the United States District Court for the Eastern District of Pennsylvania using the CM/ECF System. All Counsel of record will be served via CM/ECF on this 31 day of March, 2015.

_____
Robert E. Paul