IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | : : : | Consolidated Under MDL DOCKET NO. 875 |
| KING | : : | |
| v. | : : | |
| VARIOUS DEFENDANTS | : : | E.D. Pa. Case No. 13-06106 |

[FILED APR - 2 2015 MICHAEL E. KUNZ, Clerk By _____ Dep. Clerk]

## O R D E R

**AND NOW**, this **2nd** day of **April, 2015**, it is hereby **ORDERED** that Defendant General Electric Company's Motion for Reconsideration (ECF No. 179) is **DENIED**.[1]

AND IT IS SO ORDERED.

/s/ Eduardo C. Robreno
EDUARDO C. ROBRENO, J.

---

[1] A Motion for Reconsideration will be granted when the party seeking reconsideration establishes "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court . . . [issued its previous decision]; or (3) the need to correct a clear error of law or fact or prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995); United States v. Cabiness, 278 F. Supp. 2d 478, 483-84 (E.D. Pa. 2003)(Robreno, J.)(construing motion alleging legal error as motion for reconsideration under Fed. R. Civ. P. 59(e) and Local Rule 7.1(g)). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995). Accordingly, the Motion for Reconsideration is denied, as none of the Quinteros factors has been met.